# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

PENSION BENEFIT GUARANTY
CORPORATION, as statutory trustee of
The Retirement Plan of Freedom
Communications, Inc.,

                    Plaintiff,

AARON KUSHNER, ERIC SPITZ,
RICHARD J. COVELLI, TRACI M
CHRIISTIAN, JTR, LLC, C&C
MARKETING LLC, C2 ADVISORS, LLC,
and ETAROS ACTUARIAL
SERVICES, LLC,
                    Defendants.

CASE NO:
8:19-cv-00299-DOC (DFMx)


**PROTECTIVE ORDER**

WHEREAS, Plaintiff Pension Benefit Guaranty Corporation ("PBGC") and

Defendants Richard J. Covelli, JTR LLC, C&C Marketing LLC, C2 Advisors, LLC,

Traci M. Christian, and Etaros Actuarial Services (collectively, the "Defendants")

entered into a stipulation (the "Stipulation") to facilitate discovery in this action by

producing documents and information under a protective order containing the terms

and conditions described herein below, pursuant to Fed. R. Civ. Proc. 26(c);

WHEREAS, PBGC and the Defendants recite in the Stipulation that they believe that the discovery process in the above-captioned civil action will require the disclosure by the parties, or by a third party or other party who may later become involved in this action, of certain documents, information or other materials that contain or relate to confidential, proprietary or trade secret information, as well as information subject to a common interest agreement; and

WHEREAS, PBGC and the Defendants recite in the Stipulation that they intend that discovery material produced in a proceeding entitled *Official Committee of Unsecured Creditors of Freedom Communications, Inc. et al. v. Aaron Kushner, et al.*, Adv. No. 8:17-ap-01012, in the United States Bankruptcy Court, Central District of California, Santa Ana Division, be available for use in this action;

IT IS HEREBY ORDERED that the following procedures shall govern the production of documents, information or other materials in this action (the "Protective Order"):

## A.    CONFIDENTIALITY

### Definitions

1.    The following definitions apply to all sections of this Protective Order and shall apply regardless of whether the term is capitalized:

a.    "Action" refers to the above-captioned case pending in the United States District Court for the Central District of California.

b.     "Discovery Material" and "Documents" encompass, but are not limited to, any type of document, transcript of testimony, taped, recorded, filmed, electronic, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; any other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form.

c.     "Designating Party" or "Producing Party" means any person or entity designating, providing or producing Discovery Material as part of this Action.

d.     "Receiving Party" means any and all parties receiving Discovery Material as part of this Action.

e.     "Confidential Information" means any and all non-public Discovery Material that a Producing Party or Designating Party in good faith believes constitutes, contains, reveals or reflects trade secrets, technical, business, financial, commercial, or personnel information or other information deserving confidential protection due to its sensitive and non- public nature. "Confidential Information" shall not include documents or information that: (i) is at any time independently developed from public sources without use of or reliance upon any of the discovery responses or testimony in the Action and without violation of any person or entity's confidentiality rights or obligations; (ii) is rightfully acquired from an independent source, without

restrictions as to use or obligations as to confidence; (iii) was, prior to disclosure, rightfully in the possession or knowledge of the requesting party without restrictions as to use or obligations as to confidence; (iv) is publicly available in substantially the same form in which it was provided by the Producing Party; (v) is required by law to be made available to third parties; or (vi) was, is or becomes public knowledge, not in violation of the Protective Order or the confidentiality rights or obligations of any person or entity. Provided, however, that the exclusions to Confidential Information enumerated in (i) through (vi) above do not apply to documents received by PBGC from the U.S. Department of Labor in connection with its investigation of The Retirement Plan of Freedom Communications, Inc. (the "Pension Plan") or to documents received by any party in response to subpoenas issued in connection with the PBGC's investigation of the Pension Plan (including but not limited to subpoenas issued to Freedom Communications, Inc., JTR, LLC, Locke Lord, LLP, Rutan & Tucker, LLP, Michael H. Smith, Amy L. Stampfer, Barry J. Steinfelder, and Mark T. Willen), in connection with this litigation, or in connection with *In re Freedom Communications Inc*., 8:15-bk-15311-MW.

   f.  "Parties" or "Party" are the Pension Benefit Guaranty Corporation, Richard J. Covelli, JTR LLC, C&C Marketing LLC, C2 Advisors, LLC, Traci M. Christian, and Etaros Actuarial Services, collectively in the plural and each in the singular.

g.  "Adversary Proceeding" means the proceeding entitled *Official Committee of Unsecured Creditors of Freedom Communications, Inc. et al. v. Aaron Kushner, et al.*, Adv. No. 8:17-ap-01012, in the United States Bankruptcy Court, Central District of California, Santa Ana Division.

**Designation of Discovery Material as Confidential Information**

2.  A Producing Party or Designating Party may in good faith designate any Discovery Material as Confidential Information by applying to it the legend "Confidential" at the time of its disclosure, production, or tender to a Receiving Party, or at any other such time as may be permitted by the Protective Order. The legend shall be affixed in such a manner that the written material is not obliterated or obscured.  In the case of data stored in electronic form, the "Confidential" legend shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. A Producing Party making Discovery Material available for inspection, however, shall not have to apply a "Confidential" legend to those materials until such time as a party requests a copy. During the period when Discovery Material is made available for inspection but not designated as "Confidential," it shall be treated as Confidential Information.

3.  With respect to deposition transcripts, a Designating Party shall have 30 days from the date upon which the testimony is given to designate said testimony or any

portion thereof as Confidential Information within the meaning of the Protective Order. If a party intends to use portions or excerpts of transcripts prior to the expiration of the 30-day period, such party shall give the Designating Party at least three business days' notice to designate said testimony or any portion thereof as Confidential Information within the meaning of the Protective Order.

4.      If a Producing Party or Designating Party inadvertently fails to designate material as "Confidential" pursuant to the Protective Order at the time of the production, the party shall be entitled to make a correction. Such correction and notice thereof shall be made in writing as soon as practicable. Upon written request by a Producing Party or Designating Party, any Receiving Party who received the Discovery Material prior to notice of the mis-designation by the Producing Party or Designating Party shall within 10 business days of receipt of the substitute copies, destroy or return to the Producing Party all copies of such mis-designated documents. A Receiving Party or any other person receiving notice of the mis-designation who reviewed the mis-designated Discovery Material shall abide by the provisions of the Protective Order with respect to the use and disclosure of any information contained in the mis-designated Discovery Material after receipt of the notice of mis-designation.

5.      The designation of Discovery Material as Confidential Information constitutes a representation by the Producing Party or Designating Party that the Discovery

Material has been reviewed by an attorney and that he or she believes there is a valid basis for such designation.

**Disclosure and Use of Confidential Information**

6.     Nothing herein shall impose any restriction on the use or disclosure by a Producing Party or Designating Party of its own documents, information, or Discovery Material provided such use or disclosure does not violate any person's or entity's confidentiality rights or obligations.  Notwithstanding any other terms or provisions in the Protective Order, PBGC may disclose the Confidential Information to the Executive Branch of the United States, Congress or any committee, joint committee or subcommittee thereof, the Comptroller General, the PBGC and PBGC Board of Directors, officials, advisors, consultants, and representatives who have a need to know the information as part of their job responsibilities (collectively, the "Officials"). PBGC will inform all Officials having access to the Confidential Information that such information is subject to the Protective Order. Notwithstanding any other terms or provisions in the Protective Order, PBGC may disclose information about the amount of underfunding in any pension plan covered by Title IV of ERISA, including but not limited to information about guaranteed benefit liabilities, unfunded benefit liabilities, plan assets and funding ratios, whether or not this information is contained in or derived from the Confidential Information.

7.     Confidential Information (including extracts and summaries derived from such material) shall be used solely for prosecuting and defending the Action and shall not

be used for any other purpose or be revealed to parties or counsel in any action other than the Action, unless the Court otherwise directs or the Producing Party or Designating Party otherwise agrees.

8.     Confidential Information shall not be disclosed directly or indirectly by a Receiving Party to persons other than (i) persons identified in the documents or through testimony as already having seen or received such Confidential Information (excluding persons whose prior access to such Confidential Information was known to be unauthorized) and (ii) the following persons, as to whom disclosure shall be limited to the extent reasonably necessary for the prosecution, defense, and/or appeal of the Action:                                                  a.

       The Court, persons employed by the Court, and the stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

       b.     Counsel for the parties in the Action, whether or not counsel of record, including in-house counsel, associates, legal assistants, paralegals, secretarial and clerical employees, and outside services (including, without limitation, copy services, litigation consulting services, and graphics services) who are assisting counsel in the prosecution, defense, and/or appeal of the Action;

       c.     Independent experts and consultants retained or employed by a Receiving Party or its counsel in connection with the prosecution, defense, and/or appeal of the Action, including their secretarial and clerical employees who are assisting in the

prosecution, defense, and/or appeal of the Action, provided that the requirements of Paragraph 9 below have been met;

d.      Any party currently named or later joined in the Action, including, in the case of parties other than individuals, the party's officers, directors, employees, and agents, each of whom shall be informed of and bound by the Protective Order;

e.      Any person who will testify as a witness either at a deposition or a court proceeding in the Action, as well as counsel for the witness, for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 9 have been met;

f.      Any Court-appointed mediator or other individual appointed by the Court to perform duties with respect to the Action; and

g.      Other persons upon further order of the Court or written consent of the Producing Party or Designating Party.

9.      Other than disclosure of Confidential Information at a deposition, hearing, or trial, persons described in subparagraphs 8c, e, and g above, prior to being given access to any Confidential Information, must be provided a copy of the Protective Order and sign the Acknowledgement and Agreement to be Bound attached as Exhibit 1 hereto agreeing to be bound by the terms of the Protective Order and agreeing to subject himself or herself to the jurisdiction of the Court for the purpose of enforcing the terms and conditions of the Protective Order. The Party providing the individual with Confidential Information shall retain copies of all executed Acknowledgements.

The Acknowledgements will only be provided to the Producing Party or Designating Party as may be ordered by the Court. Persons who receive Confidential Information at a deposition, hearing, or trial who are not otherwise authorized to receive such information pursuant to paragraph 8 above and who have not signed an Acknowledgement, may be shown and questioned about the Confidential Information during the deposition, hearing, or trial but will not be entitled to take possession of the Confidential Information that was disclosed.

10.    If a party desires to file Confidential Information in Court, the party shall file the Confidential Information under seal in accordance with the procedure set forth in Local Rule 79-5.

11.    If any person or entity subject to the terms of the Protective Order is served with a subpoena or request for production of a Producing Party's or Designating Party's Confidential Information, then that person or entity shall:

a.    Provide written notice of the subpoena or request for production, as well as a copy of same, to the Producing Party or Designating Party within a reasonable time after receiving the subpoena or request for production; and

b.    Afford the Producing Party or Designating Party a reasonable opportunity to intervene to oppose or limit the subpoena or request for production. In no event shall the person or entity receiving the subpoena or request for production produce Confidential Information of any Producing Party or Designating Party unless and until (i) such person or entity has received written authorization from counsel for

the Producing Party or Designating Party to produce such information; (ii) the Producing Party or Designating Party has failed to intervene or object to the production within a reasonable time after receiving notice of the subpoena or request for production; or (iii) the person or entity has been ordered to produce the Confidential Information by a court of competent jurisdiction.

12.     If Confidential Information is disclosed to any person other than in the manner authorized by the Protective Order, the Receiving Party or any other person or entity responsible for this disclosure shall immediately: (1) provide written notice to the Producing Party or Designating Party; (2) make every reasonable effort to retrieve such material; and (3) prevent further disclosure by the person who was the recipient of such Confidential Information. The written notice required by subparagraph (1) above shall include the names of all persons who improperly received Confidential Information and a description of the Confidential Information disclosed to such persons.

**Objection to Classification as Confidential Information**

13.     Entering into, agreeing to, or receiving Confidential Information or otherwise complying with the terms of the Protective Order shall not:

a.     Operate as an admission by any Party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information;

b. Prejudice in any way the rights of any Party to seek a determination by the Court whether any Discovery Material, including that designated as Confidential Information, should be subject to the terms of the Protective Order; or

c. Prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular Confidential Information more broadly than would otherwise be permitted by the terms of the Protective Order.

14. At any time, a Receiving Party may challenge the classification of Discovery Material as Confidential Information. In the event of such a challenge, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Producing Party or Designating Party shall have the burden of proving that the Discovery Material at issue is entitled to the protection of the Protective Order. Pending a determination by the Court as to this issue, material designated by the Producing Party or Designating Party as Confidential Information shall be treated in accordance with that designation pursuant to the Protective Order.

**Relief From Terms of Protective Order**

15. The Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for relief separately, or to move the Court for modification of any of the Protective Order's terms on a going forward basis.

16. Nothing in the Protective Order shall be construed to require the production of any information, document, or thing that a Party contends is protected from disclosure

by the attorney-client privilege, the work product doctrine or any other applicable privilege.

**Service of Notices to PBGC**

17.     All notices required to be given to PBGC shall be served by electronic mail to Ruderman.Joel@pbgc.gov. The PBGC may designate additional recipients or change the designated recipients of such notices at any time by writing to Defendants as provided below.

**Service of Notices to Defendants**

18.     All notices required to be given to Defendants shall be served by electronic to bw@witkowlaw.com (for notices to Traci M. Christian and Etaros Actuarial Services) and/or to wforman@scheperkim.com and acote@scheperkim.com (for notices to Richard J. Covelli, JTR LLC, C&C Marketing LLC, and C2 Advisors, LLC). Any Defendant may designate additional recipients or change the designated recipients of such notices at any time by writing to the PBGC and the other defendants as provided above.

**B.     AGREEMENT AS TO NON-WAIVER OF PRIVILEGE, WORK PRODUCT, OR COMMON INTEREST**

**Inadvertent Disclosure of Protected Information**

1.     Due to the large number of Documents (including electronically stored information) that the Parties may be required to produce in the Action, it may be unduly burdensome and expensive for the Parties to review each Document thoroughly to determine if the Document contains information that is attorney-client

privileged, attorney work product or otherwise protected under the common interest doctrine and that no waiver of such privilege claims has occurred (collectively, "Protected Information"). Accordingly, the production of Protected Information by the Parties, their respective counsel, or anyone working on their respective behalves (a) shall be deemed an inadvertent disclosure of Protected Information, (b) shall not constitute a waiver by any of the Parties of any rights to assert all applicable objections to the use of the Protected Information, and (c) shall not be deemed a waiver or impairment of any valid claim of privilege or protection as to the Protected Information in this Action or in any other proceeding.

**Notification by Party**

2.     If a Party asserts that a particular Document(s) produced to any of the other Parties contains Protected Information, that Party shall give written notice to the other Parties within a reasonable time after the Party discovers the production of Protected Information. The notice shall contain a description of the Document that the Party contends contains Protected Information and shall state the basis for the Party's asserted privilege or protection. Upon receipt of that written notice, the Parties, and anyone to whom the Parties disseminated the Protected Information, shall refrain from further use or disclosure of the Protected Information, and shall promptly dispose of all copies of the Protected Information unless there is a challenge to the designation of the information as Protected Information. Any such challenge to the designation of the information as Protected Information shall follow the same challenge procedures as

those for the designation of Confidential Information set forth above in Section A.14.

of this Protective Order. Pending agreement between the Parties or an order of the

Court, the Document(s) at issue shall be treated as Protected Information.

**Notification by Receiving Party**

3.     If a Receiving Party believes that a Producing Party may have inadvertently

produced Protected Information, the Receiving Party may give written notice to the

Producing Party within a reasonable time after the Receiving Party discovers the

potentially inadvertent production of Protected Information. Upon receipt of such

written notice from a Receiving Party, the Producing Party shall advise the Receiving

Party(ies) whether it believes that Protected Information was inadvertently produced.

If it does so and the Parties are unable to agree on whether the Document(s) at issue

contains Protected Information, the Receiving Party(ies) may challenge the Producing

Party's designation of Protected Information by following the same challenge

procedures as those for Confidential Information set forth above in Section A.14. of

the Protective Order. Pending agreement between the Parties or an order of the Court,

the Document(s) at issue shall be treated as Protected Information.

**Obligations Upon Determination of Protected Status**

4.     Notwithstanding any other provision of the Protective Order, if at any time the

Parties or the Court resolve that a Document includes Protected Information, the

Receiving Parties and anyone to whom the Receiving Parties disseminated the

Document shall promptly dispose of all copies of the Document. If only a portion of

the Document includes Protected Information, the Producing Party shall promptly provide new copies of the Document to the Receiving Parties with the Protected Information redacted.

## C. APPLICATION TO THIRD PARTIES

1. If a third party served with a subpoena in connection with the Action ("Third Party") seeks to designate Documents as Confidential Information pursuant to the Protective Order, or believes that it may inadvertently produce Protected Information in response to any such subpoena, the Third Party may execute an "Addendum to Protective Order" in substantially the form attached hereto as Exhibit 2 (the "Addendum"). After a Third Party has executed the Addendum, then:

a. The Third Party may designate Documents as Confidential Information pursuant to the Protective Order by following the procedures set forth above.

b. Upon such designation by Third Party, any disclosure or other use of the Confidential Information by the Parties shall be governed by the Protective Order.

c. For purposes of the Protective Order, Third Party shall be deemed to be a "Party" as such term is defined and used in the Protective Order.

d. If a Third Party inadvertently produces Protected Information in response to the Subpoena, then for purposes of the Protective Order, the Third Party shall have the same obligations with respect to the Protected Information as a Party under the Protective Order.

**D.     AGREEMENT REGARDING DOCUMENTS PRODUCED BY PBGC IN RESPONSE TO SUBPOENA IN THE ADVERSARY PROCEEDING**

1.     On August 22, 2018, the court in the Adversary Proceeding entered an order regarding documents to be produced by PBGC in response to a subpoena from Traci M. Christian and Etaros Actuarial Services, LLC, a copy of such order is attached hereto as Exhibit 3 (the "Adversary Proceeding Discovery Order").

2.     All of the terms, conditions, and restrictions in the Adversary Proceeding Discovery Order pertaining to the Third Party Documents, as that term is defined in the Discovery Order, are included in the Protective Order and govern the use of the Third Party Documents in this Action.

**E.     AGREEMENT REGARDING OTHER DOCUMENTS PRODUCED IN THE ADVERSARY PROCEEDING**

The Parties agree that all Discovery Material produced in the Adversary Proceeding, other than the Third Party Documents produced by PBGC in response to the subpoena from Traci M. Christian and Etaros Actuarial Services, LLC, which are subject to section D above, may be used for any purpose in this Action to the same extent and subject to the same protections, if any, as in the Adversary Proceeding.

**F.     TERMINATION OF ACTION**

The terms of the Protective Order shall survive the termination of the Action.

**IT IS SO ORDERED**

Dated: October 1, 2019

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

– 17 –

# EXHIBIT LIST

Exhibit 1     Acknowledgement and Agreement to be Bound

Exhibit 2     Addendum to Protective Order

Exhibit 3     Adversary Proceeding Discovery Order

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

_____

PENSION BENEFIT GUARANTY
CORPORATION, as statutory trustee of
The Retirement Plan of Freedom
Communications, Inc.,

                 Plaintiff,

AARON KUSHNER, ERIC SPITZ,
RICHARD J. COVELLI, TRACI M
CHRISTIAN, JTR, LLC, C&C
MARKETING LLC, C2 ADVISORS, LLC,
and ETAROS ACTUARIAL
SERVICES, LLC,

                 Defendants.

_____

Civil Action No.: 8:19-cv-00299

**ACKNOWLEDGEMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges and agrees to be bound by the terms and conditions of the Protective Order dated _____, 2019, made in PBGC v. AARON KUSHNER et al., Case No. 8:19-cv-00299, in the United States District Court for the Central District of California, a copy of which is attached hereto (the "Protective Order"). The undersigned further agrees to be subject to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms and conditions of the Protective Order.

Dated:                    _____
                               Name and Title

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

_____

PENSION BENEFIT GUARANTY                    :
CORPORATION, as statutory trustee of        :
The Retirement Plan of Freedom               :
Communications, Inc.,                        :
                                             :    Civil Action No.: 8:19-cv-00299
                                             :
                    Plaintiff,               :
                                             :
AARON KUSHNER, ERIC SPITZ,                   :    **ADDENDUM TO**
RICHARD J. COVELLI, TRACI M                  :    **PROTECTIVE ORDER**
CHRISTIAN, JTR, LLC, C&C                     :
MARKETING LLC, C2 ADVISORS, LLC,             :
and ETAROS ACTUARIAL                         :
SERVICES, LLC,                               :
                    Defendants.              :
_____             :

WHEREAS, _____("Third Party") has been served with a subpoena(s) (the "Subpoena") in connection with the above-captioned proceeding (the "Action");

WHEREAS, Third Party has been provided with a copy of the protective order that was issued by the United States District Court for the Central District of California on _____, 2019, in the Action (the "Protective Order"); and

WHEREAS, in responding to the Subpoena, Third Party may seek to designate Documents as Confidential Information (as defined in the Protective Order) and/or as

Protected Information (as defined in the Protective Order) and may inadvertently produce Confidential Information or Protected Information;

WHEREFORE, Third Party agrees as follows:

Third Party may designate Documents as Confidential Information and or Protected Information pursuant to the Protective Order by following the procedures set forth in the Protective Order.

Upon such designation by Third Party, any disclosure or other use of the Confidential Information or Protected Information by the Parties shall be governed by the Protective Order.

For purposes of the Confidential Information and/or the Protected Information, Third Party shall be deemed to be a "Party" as such term is defined and used in the Protective Order.

If a Third Party inadvertently produces Protected Information and/or Protected Information in response to the Subpoena, then Third Party shall have the same obligations with respect to such information as a Party under the Protective Order.

**Agreed to By**:

Dated: _____

Name and Title