JUDITH STARR
General Counsel
CHARLES L. FINKE
Deputy General Counsel
JOEL W. RUDERMAN
Assistant General Counsel
MARK R. SNYDER
CAROLYN J. LACHMAN
Attorneys
PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005-4026
Tel.: (202) 326-4000, ext. 3926
Fax: (202) 326-4112
Email: ruderman.joel@pbgc.gov and
       efile@pbgc.gov

*Attorneys for Pension Benefit Guaranty Corporation*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, as statutory trustee of The Retirement Plan of Freedom Communications, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AARON KUSHNER; ERIC SPITZ; RICHARD COVELLI, TRACI M. CHRISTIAN; JTR, LLC; C&C ADVISORS, LLC; ETAROS ACTUARIAL SERVICES, LLC <br><br> Defendants. | Case No. 8:19-cv-00299-DOC <br><br> **PBGC'S MEMORANDUM IN SUPPORT OF APPROVING SETTLEMENT AGREEMENT** |

On August 22, 2019, Defendants Aaron Kushner and Eric Spitz filed a motion requesting that this Count determine that a settlement (Doc. 59-1, Exh. A to Decl. of Erinn M. Contreras) between the Pension Benefit Guaranty Corporation ("PBGC") and the Official Committee of Unsecured Creditors of Freedom Communications, Inc. (the

1

"Committee"), on the one hand, and Defendants Aaron Kushner and Eric Spitz, on the other hand (the "K&S Defendants") was made in good faith.  Defendants Richard Covelli, JTR, LLC, C&C Marketing LLC and C2 Advisors LLC (the "Covelli Defendants") objected to the motion (Doc. 61).

At a status conference on November 12, 2019, the Court requested the parties file legal memoranda that addressed whether the Covelli Defendants are entitled under California Code of Civil Procedure § 877 to a set-off.  Thereafter, the Court asked the parties to include in their memorandum answers to two questions:

1. All of the claims in the complaint arise under ERISA, but the settlement approvals are pursuant to California state law (sections 877 and 877.6). Which of these controls (if the two are in conflict) with respect to whether the Covelli defendants are entitled to a set-off?

2. In the Prayer for Relief, PBGC only seeks a disgorgement remedy against the Covelli defendants. Here, does the remedy sought turn out to be dispositive of the set-off question? (I.e., why would the Covelli defendants be entitled to a set-off when the only damages sought against them are disgorgement of the benefits they accrued?

As explained below, PBGC's causes of action arise under the Employment Retirement Income Security Act of 1974, 29 U.S.C §§ 1001 *et seq.* ("ERISA").  As such, any settlement in this proceeding must be analyzed under federal law.  Based upon precedent of the United States Court of Appeals for the Ninth Circuit in *Kim v. Fujikawa*, 871 F.2d 1427 (9th Circuit 1989), the Covelli Defendants are not entitled to a set-off under California Code of Civil Procedure § 877 or federal law.

# BACKGROUND

PBGC is the federal government agency that guarantees certain benefits upon termination of pension plans covered under Title IV of ERISA. 29 U.S.C. §§ 4001 *et seq*.

On November 1, 2015 and November 2, 2015, Freedom Communications, Inc. and certain affiliates commenced cases under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). The cases are being jointly administered under case no. 8:15-bk-15311-MW. PBGC is the chair of the Committee and the largest unsecured creditor in Freedom Communications Inc.'s bankruptcy.

In 2016, by agreement, the Retirement Plan of Freedom Communications, Inc. (the "Plan") was terminated, and PBGC was appointed statutory trustee of the Plan. PBGC has authority as the statutory trustee to pursue claims on behalf of the Plan. 29 U.S.C. § 1342(d).

On January 26, 2017, the Committee filed a complaint on behalf of the Debtors in the Bankruptcy Court, adversary no. 8:17-ap-1012-MW, asserting claims under state law against numerous defendants, including the K&S Defendants and the Covelli Defendants.

On February 14, 2019, PBGC filed its complaint under ERISA commencing this action against numerous defendants, including the K&S Defendants and the Covelli Defendants (Doc. 1). PBGC's complaint seeks monetary damages from the K&S

Defendants arising from four imprudent investments by the Plan in: (i) employer stock; (ii) a foreign hedge fund; (iii) participant life insurance; and (iv) LT Funding.  PBGC's claims against the Covelli Defendants, however, are limited to equitable relief, the ill-gotten gains received by the Covelli Defendants, from the investment by the Plan in: (i) participant life insurance; and (ii) LT Funding.

In August 2019, after months of discussions and two mediations, the K&S Defendants entered into a settlement with PBGC and the Committee, which provides, among other things, payment to PBGC and the Committee of $7,835,000.  Declaration of Jack Butler (Doc. 64-2 at 7).  This amount represents the remaining funds available under certain burning insurance policies which provided coverage to the K&S Defendants.  (Doc. 59-1 at 3, Ex. A).  PBGC determined that this settlement was the agency's best option to recover insurance proceeds, the only meaningful source of recovery for these claims.  (Doc. 64-2 at 4).  The settlement is conditioned on a determination by this Court that it was made in good faith pursuant to California Code of Civil Procedure § 877.6 "or statutes or case law of similar effect." (Doc. 59-1 at 3, Ex. A).

## ARGUMENT

**1.  Federal law determines whether the Covelli Defendants are entitled to a set-off.  Under ERISA and Ninth Circuit precedent, the Covelli Defendants are not entitled to a set-off.**

PBGC respectfully suggests that neither this settlement nor the Covelli Defendants' entitlement to set-off should be assessed under California law.  This is a

4

lawsuit by a federal government agency raising a federal question – fiduciary breach and related claims under ERISA – in federal court.  Thus, any settlement must be assessed under federal law, as this Court did in *Mihranian v. American General Life Ins. Co.*, No. 99-CV-49-DOC-EE (C.D. Cal. Jun. 28, 2001) (Exhibit A hereto), *aff'd*, 48 Fed. Appx 691 (9th Cir. 2002).  There, this Court simply applied its discretion to review the settlement under ERISA, which in that case entailed analyzing whether the pension plan at issue was the proper recipient of the funds under 29 U.S.C. § 1106.  *Id.* at 2.  The Court should do the same here.  To the extent that Paragraph 2 of the settlement requires a finding that it was "made in good faith," it cites California Code of Civil Procedure § 877.6 "or statutes or case law of similar effect."  The statute that applies here is ERISA.

      PBGC, the agency charged with implementing the federal pension insurance program, brought this action on behalf of a terminated pension plan to recover plan assets.  Complaint (Doc. 1 at ¶¶ 4, 12).  PBGC reached this settlement after months of discussions and two mediations.  Declaration of Jack Butler (Doc. 64-2 at 2-3).  PBGC determined that this settlement was the agency's best option to recover insurance proceeds, the only meaningful source of recovery for these claims.  *Id.* at 4.  Thus, to the extent that a "good faith" finding is necessary, it is fully supported.  Moreover, the Covelli Defendants never asserted that the settlement was *not* made in good faith, but rather, that the Court cannot make such a finding without addressing the separate California provision regarding set-off, section 877.  Doc. 61.  There is simply no reason

for the Court to undertake such an analysis.

The only provision cited in the settlement is section 877.6, which applies by its terms to actions "in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," neither of which is the case here. Thus, even if a state law provision could apply here, this provision does not apply.

Similarly, the provision the Covelli Defendants cited in opposing the settlement, California Code of Civil Procedure § 877, would not apply here, even if this were not an ERISA case. That provision applies to "co-obligors mutually subject to contribution rights," and the Covelli Defendants are not in that category. The United States Court of Appeals for the Ninth Circuit has made clear, in *Kim v. Fujikawa,* 871 F.2d 1427, 1432 (9th Cir. 1989), that there are no contribution rights under Title I of ERISA. *Id.* As the Court of Appeals explained, ERISA is "a comprehensive and reticulated statute." Congress did not intend to authorize other remedies that it simply forgot to incorporate in ERISA. *Id.* And Congress did not implicitly intend to allow a cause of action for contribution under ERISA. *Id.; accord Call v. Sumitomo Bank of Calif.*, 881 F.2d 626, 630-31 (9th Cir. 1989); *Soohyun Cho v. First Reliance Standard Life Ins. Co.*, 2019 WL 3243723, at *4 (C.D. Cal. Apr. 8, 2019).

This principle extends equally to non-fiduciaries. *See Moreland v. Behl*, 1995 WL 150579, at **3-4 (N.D. Cal. Mar. 22, 1995); *Rossio v. Mass. Mut. Life Ins. Co.*, 789 F. Supp. 1047, 1051 (E.D. Cal. 1992). As the *Moreland* court explained, non-fiduciary parties in interest, like the Covelli Defendants, may not seek contribution under ERISA.

Just like fiduciaries, they are "wrongdoers under ERISA and are 'member[s] of a class . . . whose activities Congress intended to regulate for the protection and benefit' of ERISA plans." 1995 WL 150579, at *4, quoting *Kim*, 871 F.2d at 1433. And the *Rossio* court flatly rejected defendant's argument that it "is not a fiduciary and that *Kim* therefore does not prevent it from maintaining its action for indemnification." 789 F. Supp. at 1051.

Thus, there is no conflict between state and federal law, since the state law provisions do not apply. But if they did apply, section 877.6's good-faith standard is met here. And if the state provision conflicted with ERISA, federal law would control.

**2.   The Covelli Defendants are not entitled to a set-off when the only form of damages sought against them is disgorgement of the compensation they accrued.**

The remedy that PBGC seeks against the Covelli Defendants is dispositive of the set-off question. PBGC seeks only equitable relief against the Covelli Defendants – disgorgement of their unjust enrichment from two prohibited transactions. *See Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 246, 253 (2000) (holding that appropriate equitable relief could be obtained to redress violations of ERISA from an entity that made sales to a pension plan). That is a completely different measure from the K&S Defendants' damages based on imprudent investment schemes; thus set-off simply makes no sense.

The "purpose of disgorgement is to deprive a person of ill-gotten gains and prevent unjust enrichment." *Hately v. SEC,* 8 F.3d 653, 655 (9th Cir.1993) (internal

7

quotation marks and citations omitted). Moreover, "to the extent that compensation flows from ill-gotten gains, the offending parties should be required to disgorge such to prevent unjust enrichment." *SEC v. Rogers*, 221 F.3d 1349 (9th Cir. 2000). Accordingly, there is no need to assess the amount of set-off to apply against the Covelli Defendants' damages, because *no* set-off is warranted. PBGC's Complaint seeks the compensation that the Covelli Defendants received that "flow[ed] from ill-gotten gains." *Id.* Although set-off can be appropriate to avoid disgorgement in excess of losses, *see, e.g.*, *SEC v. Coldicutt*, 2014 WL 12561072, at *7 (C.D. Cal. Aug. 8, 2014), that is hardly the case here.

        **3.    The Court may approve the Settlement without making a determination now as to the Covelli Defendants' right to set-off.**

As addressed above, a right to set off does not exist here. But even if a right of set-off might exist, the Court could not make such a determination now. The amount of the potential set-off is irrelevant and unnecessary to establish good faith where, as here, further litigation with the K&S Defendants would not increase the PBGC's recovery. *See, e.g.*, *Aero-Crete, Inc. v. Superior Court*, 21 Cal. App. 4th 203, 209 (Cal. App. 1993). Such a right and the amount of set-off could only be determined after trial against the Covelli Defendants.

Moreover, even if a right of set-off could be established, the Court would have to also consider that the settlement with the K&S Defendants arises from PBGC's claims concerning four separate imprudent investments. PBGC's claims against the Covelli

Defendants arise from only two imprudent investments, the participant life insurance and LT Funding investments.  Those settlement proceeds that relate to the Plan's imprudent investments in employer securities and the foreign hedge fund could not be set-off against the claims asserted against the Covelli Defendants.

## CONCLUSION

Pursuant to precedent of the United States Court of Appeals of the Ninth Circuit, this Court should find that the Covelli Defendants are not entitled to a set-off of their claims under California Code of Civil Procedure § 877 or otherwise.  Moreover, even if a claim for contribution existed under federal law, set-off is not warranted here.  PBGC's recovery is limited under ERISA to disgorgement of the ill-gotten funds obtained by the Covelli Defendants.

| | |
|---|---|
| Dated:  November 18, 2019 | /s/ Joel W. Ruderman |
| | JUDITH STARR |
| | General Counsel |
| | CHARLES L. FINKE |
| | Deputy General Counsel |
| | JOEL W. RUDERMAN |
| | Assistant General Counsel |
| | MARK R. SNYDER |
| | CAROLYN J. LACHMAN |
| | Attorneys |

PENSION BENEFIT GUARANTY CORPORATION
1200 K Street, N.W.
Washington, D.C. 20005-4026
Tel.:  202-326-4000, ext. 3926
Fax:  202-326-4112
Emails: ruderman.joel@pbgc *and*
         efile@pbgc.gov

*Attorneys for Plaintiff PENSION BENEFIT GUARANTY CORPORATION*

# PROOF OF SERVICE

I hereby certify that, on November 18, 2019, a true copy of the **PBGC's Memorandum in Support of Approving Settlement Agreement** was filed with the Court using the Court's CM/ECF system and served on the following parties through the Court's CM/ECF system:

Margaret E. Dayton
William H. Forman
Scheper Kim and Harris LLP
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071
*Counsel for Defendants C&C Marketing LLC, C2 Advisors, LLC, Richard J. Covelli, and JTR, LLC*

Cory A. Baskin
Brandon J. Witkow
Erin Cranman Witkow
Witkow Baskin
21031 Ventura Boulevard, Suite 603
Woodland Hills, CA 91364
*Counsel for Defendants Traci M. Christian and Etaros Actuarial Services, LLC*

Robert James Guite
Erinn M. Contreras
Sheppard Mullin Richter Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
*Counsel for Defendant Aaron Kushner*

Raphael D. Cung
Callahan and Blaine
3 Hutton Centre Drive, 9th Floor
Santa Ana, CA 92707
*Counsel for Defendant Eric Spitz*

/s/ *Joel W. Ruderman*
Joel W. Ruderman